UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-81325-DIMITROULEAS/MATTHEWMAN

PAMELA JAMES,

    Plaintiff,

v.

WAL-MART STORES EAST, LP.

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY [DE 21]

**THIS CAUSE** is before the Court upon Defendant, Wal-Mart Stores East, LP's Motion to Compel Better Responses to Discovery [DE 21]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 11. The Motion was filed on December 24, 2018. Pursuant to the Court's Order Setting Discovery Procedure [DE 12], Plaintiff Pamela James' Response to the Motion was due on Friday, January 4, 2019. No response has been filed by Plaintiff to date.

The Court has carefully reviewed Defendant's Motion to Compel Better Responses to Discovery [DE 21]. The Court will first grant Defendant's Motion by default due to Plaintiff's failure to respond to the Motion. *See* S.D. FLa. Local Rule 7.1(c). According to Local Rule 7.1(c), failure to file a response "may be deemed sufficient cause for granting the motion by default." *Id*. Accordingly, pursuant to Local Rule 7.1(c), Defendant's Motion is **GRANTED** by default due to Plaintiff's failure to respond. *See Arrington v. Hausman,* No. 15-62326-CIV-GAYLES, 2016 WL 782416, (S.D. Fla. Feb. 17, 2016).

Second, after careful review, the Court will grant the Motion on the merits. Defendant

1

asserts that Plaintiff's objections to Defendant's Requests for Production 1 and 10, and to Interrogatories 2, 5, 11, 14, 15, 16, and 19 should all be overruled. [DE 21, pgs. 3-5]. The Court agrees. Plaintiff has asserted improper boilerplate objections to Defendant's Requests for Production 1 and 10, and to Interrogatories 2, 5, 11, 14, 15, 16, and 19. Boilerplate objections and generalized responses are improper, and therefore, Plaintiff James' objections are overruled. *See Ranger Constr. Indus., Inc. v. Allied World Nat'l Assurance Co.*, No. 17-81226-CIV, 2018 WL 1701913, at *3 (S.D. Fla. Apr. 6, 2018) (citing *Alvar v. No Pressure Roof Cleaning, LLC*, No. 17-80725-CV, 2018 WL 1187777, at *2 (S.D. Fla. Mar. 7, 2018); *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 878704, at *1 (S.D. Fla. Mar. 6, 2017)). Plaintiff has been dilatory, uncooperative, and obstructionist in responding to Defendant's Interrogatories and Requests for Production. Plaintiff is hereby **ORDERED** to fully respond to all outstanding Interrogatories and Requests for Production on or before January 18, 2019.

Defendant also seeks reasonable attorney's fees and costs incurred in filing the motion, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). [DE 21, pgs. 5-6]. Rule 37(a)(5)(A) provides that, if a motion to compel discovery is granted, the Court must require the party whose conduct necessitated the motion or the attorney advising that conduct, or both, to pay the movant's reasonable fees in making the motion unless (1) the movant filed the motion before attempting in good faith to obtain the discovery with court action, (2) the opposing party's response or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Defendant's Motion reflects that Defendant made several good faith attempts to confer in order to obtain the requested discovery without court interference. [DE 21, pgs. 1-2]. Further, because Plaintiff failed to respond to the Motion, there is no basis to find that her responses were substantially justified or that there are any circumstances that would render an

-

award of expenses unjust. Accordingly, Defendant's request for attorneys' fees and costs associated with filing the instant Motion is **GRANTED**.

Based on the forgoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Better Responses to Discovery [DE 21] is **GRANTED.** Plaintiff is **ORDERED** to produce all responsive documents to Requests # 1 and 10 on or before **January 18, 2019.**

2. Plaintiff is **ORDERED** to provide better responses to Interrogatories # 2, 5, 11, 14, 15, 16, and 19 within ten (10) days from the date of this Order.

3. Failure to comply with this Order may result in additional sanctions, including but not limited to the striking of Plaintiff's pleadings, a further award of attorneys' fees and costs, or other appropriate sanctions.

4. Defendant's request for an award of attorney's fees and costs related to filing this Motion is **GRANTED**. In order to assist the Court in determining a reasonable award of attorneys' fees and costs pursuant to this Order, Defendant shall file an appropriate affidavit with the Court on or before **January 15, 2019,** documenting all attorneys' fees and costs incurred as a result of filing this Motion [DE 21]. The affidavit should include the amount of attorneys' fees sought, hours expended, services rendered, and hourly rate sought. Plaintiff shall have until on or before **January 21, 2019** to file a response or objections to the hourly rate claimed by defense counsel and the number of hours incurred by Defendant's counsel. Thereafter, Defendant shall have until on or before **January 24, 2019** to file any reply to Plaintiff's response. The Court will then determine the amount of attorneys' fees and costs, which shall be paid by Plaintiff to Defendant.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of January, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE